**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qingdao Kdgarden Import & Export Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>Dream Big Little Company LLC, et al.,<br><br>Defendants. | No. CV-25-00495-TUC-JCH (JR)<br><br>**ORDER** |

Pending before the Court is Plaintiff Qingdao Kdgarden Import & Export Company Limited's Motion for Alternative Service. (Doc. 11.) Plaintiff requests permission to serve Defendants Dream Big Little Company LLC (DBL), Christy L. Creviston, and Kyle Creviston by either serving a copy of the Summons and Complaint on the Defendants' attorney Brittany Rattelle or posting a copy of the Summons and Complaint at the Defendants' confirmed residence while simultaneously mailing copies to the same address. (*Id*. at 5-6.) For the following reasons, the Court will grant Plaintiff's Motion.

## BACKGROUND

Plaintiff filed its Complaint against the Defendants on August 29, 2025. (Doc. 1.) On September 14, 2025, the process server unsuccessfully attempted to serve the Defendants at their last known address, 3509 W. Tailfeather Dr. Marana, AZ 85658. (Doc. 11-1.) Upon speaking to the current resident of the home, the Process server was informed that the Defendants had moved to a different home. (*Id*.) The next day, September 15, 2025,

Plaintiff's counsel received a letter from Brittany Ratelle of Ratelle Law in Hayden, ID on behalf of "her client Christy Creviston, CEO of Dream Big Little Co." (Doc. 11-2.)

Plaintiff hired an investigator and identified Defendants' new residence as 250 Oro Valley Dr., Tucson, AZ 85737. This address was independently confirmed by a payment receipt which lists DBL's address as "250 E ORO VALLEY DR TUCSON, AZ 85737-6226." (Doc. 11-3.) Plaintiff then made four physical attempts to serve the Defendants via process server between September 28 and October 10, 2025. (Doc. 11-4) Defendant Kyle Creviston was contacted by phone, confirmed the address, and scheduled and canceled appointments to accept service three times, ultimately refusing to cooperate. (*Id*.)

## DISCUSSION

### 1. Service Impracticable

Rule 4(e)(1), Fed. R. Civ. P., provides, in part, that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made...." Fed. R. Civ. P. 4(e)(1). Under Arizona law, an individual may be served by delivering the summons and complaint personally; leaving the documents at the defendants' "dwelling or usual place of abode" with "someone of suitable age and discretion who resides there"; or delivering it to an agent authorized by law or appointment. Ariz. R. Civ. P. 4.1(d). If a party shows that the means of service provided in Rule 4.1 is "impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." Id. at 4.1(k). Impracticability requires "something less than a complete inability to serve the defendant" or "the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). The fact that traditional service under Rule 4.1(d) would be "extremely difficult or inconvenient" suffices. *Id*. at 903.

Based on the affidavits of non-service of process servers Devorah C. Sanger and

Kameron Ellis, the Court finds that traditional service on the Defendants would be impracticable. Plaintiff employed a process server who attempted to serve the Defendants at their two addresses attributed to the Defendants. (*See* 11-1, 11-4.) Further, the process server made telephonic contact with Defendant Kyle Creviston, who ultimately declined to cooperate. (Doc. 11-4.) It would be difficult, inconvenient, and impracticable for Plaintiff to continue to attempt to serve the Defendants in this manner. *See Rios v. Lux Interior & Renovation LLC*, No CV-23-01686-PHX-DJH, 2023 WL 6318009, at *2 (D. Ariz. Sept. 28, 2023) (finding alternative service was warranted where plaintiffs unsuccessfully attempted to physically serve defendants on four occasions and contact defendants by phone); *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (finding alternative service was warranted where the plaintiff experienced five failed attempt at physical service).

**2. Alternative Means**

If traditional service methods prove impracticable, a court can order that service be accomplished in another manner. Ariz. R. Civ. P. 4.1(k)(1). Process papers posted on a front door and sent by mail have been found to be appropriate alternative methods of service under Arizona law. *See DPG Invs. LLC v. Anderson*, No. CV-20-01386-PHX-DWL, 2020 WL 8482971, at *3 (D. Ariz. Dec. 15, 2020); *Baker v. Nw. Mut. Life Ins. Co.*, No. CV-21-00064-TUC-JGZ, at *3 (D. Ariz. Oct. 8, 2021).

Thus, the Court will grant Plaintiff's request to serve the Defendants by posting process papers on the Defendants front door. Plaintiff must make a reasonable effort to provide the Defendants with actual notice of the action's commencement by mailing the Summons, the Complaint, and this Court Order to the Defendants at their home address at 250 Oro Valley Dr., Tucson, AZ 85737 and email copies thereof to Defendants' attorney Brittany Ratelle.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Alternative Service (Doc. 11) is **granted**. Plaintiff may serve the Defendants by mailing the Summons, Complaint, and this Court

Order via First-Class U.S. Mail to the Defendants at 250 Oro Valley Dr., Tucson, AZ 85737, posting the documents on the front door of the residence, and emailing copies thereof to Defendants' attorney Brittany Ratelle.

Dated this 20th day of October, 2025.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 4 -